IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT STEED,

                Plaintiff,

v.                                                          OPINION and ORDER

MS. HUNEKE and                                        22-cv-132-jdp
JOHN AND JANE DOE NURSING STAFF,

                Defendants.

---

Plaintiff Robert Steed, appearing pro se, is an inmate at New Lisbon Correctional Institution. Steed contends that a prison employee violated his right to privacy by viewing his medical records without authorization. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Steed's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Steed fails to state a claim under federal law and this court cannot exercise jurisdiction over his state-law claims.

ANALYSIS

Steed alleges that a Department of Corrections health information supervisor sent him letters explaining that a medical records audit revealed that an unnamed staff member viewed

Steed's medical file three times without a legitimate reason for doing so, in violation of the Health Portability and Accountability Act (HIPAA) and DOC rules. Steed filed an inmate grievance about the unauthorized examination of his records and he won that grievance.

These allegations are not enough to support a claim under federal law. In his complaint, Steed refers to HIPAA and the First, Fourth, and Fourteenth Amendments to the United States Constitution. But individuals cannot sue to enforce their rights under HIPAA. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). And courts have refused to allow prisoners to proceed with constitutional claims for simple breaches of privacy concerning medical records. *See, e.g.*, *Franklin v. McCaughtry*, 110 F. App'x 715, 719 (7th Cir. 2004) ("Prisoners, though, at best have very limited privacy rights . . . limited to [breaches involving] the purposeful dissemination of intensely private medical information."); *Rowe v. Wexford of Indiana LLC*, No. 3:20-CV-1013-DRL-MGG, 2020 WL 7487834, at *4 (N.D. Ind. Dec. 14, 2020) ("In light of *Franklin*, Mr. Rowe's allegations that three members of the custody staff were present during a single medical appointment are insufficient to state a plausible constitutional violation."). Steed's allegation that a staffer viewed his medical records without authorization is not enough to state a constitutional claim. Steed also cites federal criminal statutes in his complaint, but those provisions do not create private causes of action for a civil lawsuit, and this court cannot initiate criminal proceedings.

Steed contends that the breach of his privacy violated state laws, including Wis. Stat. § 995.50 ("Right of privacy"). But a federal court generally does not have jurisdiction over a state-law claim unless it is related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Steed does not have a viable federal

claim so I cannot exercise jurisdiction under § 1367. Steed does not allege that he and defendants are citizens of different states and nothing in the complaint suggests that they are, so I cannot exercise jurisdiction under § 1332 either.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Robert Steed's failure to state a federal claim for relief and for the court's lack of jurisdiction over his state-law claims.

Entered April 8, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge